**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUAN GARCIA-GUTIERREZ,

Plaintiff,

v. Case No.: 26cv3260 LF/SCY

UNITED FIRE & CASUALTY
COMPANY d/b/a UFG INSURANCE,

Defendant.

**ORDER TO FILE RULE 7.1 NOTICE**

This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendant, United Fire & Casualty Company d/b/a UFG Insurance, on September 30, 2026. Doc. 1. The Notice of Removal alleges that "Plaintiff is a resident of the State of New Mexico[.]" Doc. 1 at 1-2 ¶ 2. Residency, however, is not equivalent to citizenship. See Siloam Springs Hotel, L.L.C. v. Century Surety Co., 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. Middleton v. Stephenson, 749 F.3d 1197, 1200 (10th Cir. 2014).

The Court notes that Rule 7.1 requires every party to file a disclosure statement as to its own citizenship. See Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); see also id. Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early

and accurate determination of jurisdiction.”). In keeping with this intent, the Court orders Plaintiff to file a Rule 7.1 notice stating his citizenship—not residency—by **Friday, October 16, 2026**.

**SO ORDERED.**

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE