**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUAN GARCIA-GUTIERREZ,

Plaintiff,

v. Case No.: 26cv3260 LF/SCY

UNITED FIRE & CASUALTY COMPANY
d/b/a UFG INSURANCE,

Defendant.

**ORDER TO SHOW CAUSE**

This matter comes before the Court sua sponte, following its Order To File Rule 7.1 Notice. Doc. 7. Defendant removed this action to federal court citing diversity jurisdiction. Doc. 1 at 1-2 ¶¶ 2, 6. The Court noted that the Notice of Removal alleges "Plaintiff is a resident of the State of New Mexico[.]" Doc. 7. The Complaint does not allege Plaintiff's citizenship. Doc. 1 at 4; *see Siloam Springs Hotel, L.L.C. v. Century Surety Co*., 781 F.3d 1233, 1238 (10th Cir. 2015) (residency is not equivalent to citizenship.); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely).

On October 9, 2026, the Court accordingly ordered "Plaintiff to file a Rule 7.1 notice stating his citizenship—not residency—by Friday, October 16, 2026." Doc. 7 at 2; *see* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed

to federal court."). That deadline has expired and Plaintiff failed to file his Rule 7.1 statement as to his citizenship on the docket.

**IT IS HEREBY ORDERED** that no later than **October 27, 2026**, Plaintiff must show cause in writing as why he failed to comply with the Court's October 9 order. Failure to comply with this order could result in dismissal of the complaint.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE